Ex parte The National City Bank of New York, Petitioner and Appellee. María Trinidad Ramos et al., Respondents and Appellants.

No. 7511.   Argued May 10, 1938.—Decided July 30, 1938.

*Joaquín Vendrell* for appellants.   *F. González Fagundo* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In the year 1909, José Ramírez Muñoz instituted a proceeding to establish his ownership of a rural property. After the legal requisites had been complied with and the record sought had been ordered, the property was recorded in the Registry of Property of Caguas, at folio 206, volume 32 of Caguas, property No. 1589, 1st inscription, with the following description:

"RURAL: Tract of land in the ward of Bairoa of the Municipality of Caguas, measuring one-half acre *cuerda* and bounded as follows: on the north by Ramona Alambert; on the south by Adolfo Flores, Francisco P. Chiqués, Leoncio Velázquez and Plácido González; on the east by Ignacio Piliche and the former Los Núñez Road, an on the west by the Heirs of Víctor Fernández."

Subsequent to the registration of the dominion title to said piece of property in the name of José Ramírez Muñoz, the latter segregated and sold five parcels of land measuring respectively 400, 167.58, 169.40, 262.68, and 596.75 square meters. If we deduct the total area of the five segregated portions from the total area of the main property, or 1,965.20 square meters, which is the area of one-half acre, the main property became reduced to 368.79 square meters.

Said main property thus reduced was attached and sold at public auction in execution of a judgment in favor of the National City Bank of New York, in an action of debt against the Heirs of José Ramírez Muñoz. In the attachment and execution proceedings it was made to appear that the parcel of land had become reduced to 465 square meters, more or less, with the buildings thereon. Said parcel of land and the buildings thereon were awarded to the bank for $6,000. The registrar recorded the sale as to the land but refused to record the buildings, as the same were not recorded in the name of the defendants or of any other person.

On July 21, 1932, the National City Bank of New York filed, in the District Court of Humacao, a petition in which it was alleged:

1. That after a survey of the main property, as the same appears recorded, it showed an area of 3,582.41 square meters instead of 1,965.20 sq. m., which is the equivalent of the one-half acre appearing from the record, and there is therefore, an excess of 1,617.21 sq. m. in its area.

2. That the remainder of the main property after deducting 1,596.41 sq. m., the total of the five segregations, turns out to be, according to the new survey, 1,986 sq. m., divided into three parcels measuring respectively 346, 435, and 1,205 sq. m.

3. That the said three parcels of land do not adjoin each other and therefore can not be united, for which reason the bank lacks a written and recordable title as regards the difference of 1,521 sq. m.

The bank requested a declaration of ownership in its favor with respect to the 1,521 square meters, which together with the 465 square meters, alleged to have been already recorded, made a total of 1,986 square meters, with the buildings thereon; and that said ownership be recorded in its name.

After the former owners, the district attorney, and persons unknown had been cited, there appeared the heirs of José Ramírez Muñoz and filed an opposition to the petition of the bank and alleged:

1. That the property the ownership of which was sought to be established was already recorded.

2. That the attachment by the bank only covered what remained of the main property according to the registry, that is, 465 sq. m.

3. That it was sought to establish the ownership of a piece of property with an area of 1,617.21 sq. m., divided into three parcels whose boundaries were different from those of the remainder of the main property made up of 465 sq. m.

4. That the bank lacks any valid and effective title to the three parcels; and that it only has supposed right of ownership in the 465 square meters acquired by it at the public auction but not in the remainder of the property.

After hearing the evidence of both parties, the trial judge stated the issue involved thus:

"The whole question reduces itself to a determination of whether the petitioner was awarded 465 squares meters and the buildings

which it attached, or whether it was awarded the property which had belonged to the heirs of Mr. Ramírez Muñoz in the form it had at the time of the attachment and all the buildings standing thereon.

"It is only necessary to determine whether the heirs of Ramírez Muñoz would have been entitled to present the petition submitted by the petitioner, if no award had been made. Everything seems to indicate that if the Heirs of Ramírez had made the survey they would have had to do precisely what the petitioner is now attempting to do. The award of the property to the petitioner resulted in the conveyance to it of all the rights held by said heirs in the property, and the petitioner thus became subrogated to such rights as belonged to the heirs. The fact that the property in question, after the segregations were made, appeared to have only an area of 465 square meters, more or less, is not sufficient for holding that it was not the same property as that belonging to the Heirs of Ramírez, because there are other circumstances which show that the segregations were made from a certain area that afterwards upon a survey turned out to be larger than that appearing of record. *Rotger* v. *Registrar*, 28 P.R.R. 856.

"Assuming that the attachment, the public auction, and the award only covered the area appearing of record, and that the excess area of the parcel was excluded, the respondents have failed to produce any title but rely on the same record in the registry that served for the attachment and award to the petitioner. Under such circumstances, no title to support their opposition has been shown. *Santos* v. *Colón*, 27 P.R.R. 742.''

The issue was settled by dismissing the opposition and sustaining the petition for ownership. The respondents took an appeal.

We have carefully considered the bill of exceptions and statement of the case filed by the appellants. It does not appear from the evidence that there exists a lot with an area of 465 square meters that could be identified as being the property attached by the marshal and awarded to the National City Bank. The remainder of the property appearing of record measures only 368.79 square meters. The deed of sale executed by the marshal shows that the latter sold and awarded to the bank a parcel of land measuring 465 square meters, with the following buildings thereon: a house numbered 2 on Acosta Street; a house numbered 6 on the

same street; a frame house on Dr. Goyco alley. From said deed and the survey plat introduced in evidence it appears that the said buildings stand on three distinct lots which do not adjoin each other, viz.; house numbered 2 on a lot measuring 346 square meters; house numbered 6 on a lot measuring 435 square meters; and the house on Dr. Goyco alley on a lot measuring 1,205 square meters which also includes a wooden shed with tile roof, another wooden shed with galvanized iron roof, and a frame house used as a school. The above six buildings cover an area that exceeds 800 square meters, which clearly shows that the remainder from the main property could not be 465 square meters as claimed by the appellants.

■■ We have no doubt that what the marshal attached and sold and the bank acquired was all the land which was left to José Ramírez Muñoz after deducting the five segregated parcels, and which was comprised in the boundaries of of the main property as the same appeared from the registry, together with the buildings thereon. According to the deed executed by the marshal, the latter sold, assigned, and conveyed to the bank all the right, title, and interest that José Ramírez Muñoz or his heirs might have in the three parcels of land whose ownership is sought to be established, irrespective of their area. The fact that a new survey of the property showed a larger area than the one made to appear in the registry can in no way affect the title acquired by the bank by virtue of the public sale. We must, therefore, hold that the opposition of the appellants is absolutely without any legal ground, and that the lower court did not err in dismissing the same.

Whether or not a dominion title proceeding is the proper legal remedy to record the ownership of an excess in the area of a piece of property already recorded in the registry is not a question to be decided by us in the present appeal. We think it advisable, however, to call the attention of the peti-

tioner to the cases of *Mattei* v. *Registrar,* and *Pellón* v. *Registrar, ante,* on pages 431 and 501, respectively.

As the appellants are without a title or interest whatsoever to warrant their intervention in this proceeding, we deem it unnecessary to discuss the errors assigned as grounds for this appeal.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.